IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00794-BNB

RODNEY RAY ZIMMERMAN,

　　　　Plaintiff,

v.

SUSAN JONES, Warden, C.S.P.,
MIKE BURGONDO, H.S.A., C.S.P.,
DR. WRIGHT, M.D., C.S.P.,
KATIE BAXTER, Acting A.I.C.,
MEGHAN REED, Designee A.I.C.,
NURSE FURGUSON, C.S.P. Intake on 3-16-10,
UNKNOWN PROPERTY SGT.,C.S.P. Intake on 3-16-10,
SGT. THOMAS, C.S.P. 3RD SHIFT 3-19-10,
LT. MARTZ, C.S.P. E-POD Supervisor,
CHARLEEN CROCKETT, Food Srvcs. Mngr., and
CATHIE HOLST, A.I.C., Colo. Sprgs.,

　　　　Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 1 1 2010

GREGORY C. LANGHAM
CLERK

---

## ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff, Rodney Ray Zimmerman, is a prisoner in the custody of the Colorado
Department of Corrections who currently is incarcerated at the Colorado State
Penitentiary. Mr. Zimmerman filed *pro se* an amended complaint in which he fails to
assert jurisdiction. He asks for money damages and injunctive relief. On April 12,
2010, he filed a motion to amend the complaint by adding three parties already named
in the complaint as defendants. He has been granted leave to proceed pursuant to 28
U.S.C. § 1915 without payment of an initial partial filing fee.

The Court must construe Mr. Zimmerman's filings liberally because he is
representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Zimmerman will be directed to file a second amended complaint. The motion to amend will be denied as unnecessary.

Because Mr. Zimmerman failed to use all pages of the Court-approved Prisoner Complaint form, he failed to assert the jurisdictional basis for his amended complaint. As his first claim, he complains about the confiscation of his property, including religious property. He asserts jurisdiction for this claim only pursuant to the Religious Land Use and Institutionalized Persons Act. As his second claim, he complains that his access to the courts was violated by one of the defendant's failure to mail a civil rights lawsuit by a deadline. As his third claim, he complains that he was denied assistance in cleaning his cell, including before Passover when he contends a clean cell is a religious requirement. He also alleges that, due to medical restrictions, he is unable to bend to clean his cell himself. In addition, he makes brief reference to being denied a pen for use in submitting a grievance.

As his fourth claim, he contends that he has been deprived of all medical devices, i.e., back brace, orthopedic shoes, cane, and arm sling, he possessed pursuant to the remedial plan in *Montez v. Owens*, No. 92-cv-00870-JLK, an action commenced pursuant to the Americans With Disabilities Act, 42 U.S.C. § 12101, and the Rehabilitation Act, 29 U.S.C. § 794, on behalf of Colorado inmates suffering from particular disabilities. As his fifth and final claim, he complains about the prison's kosher food standards. Included with his claims are two memoranda he received in March 2010 concerning his mobility disability and disability status, as well as a half page

of letters written to a rabbi and published in "Reaching Out," a newsletter of the Lubavitch Prisoner Division in Brooklyn, New York.

Rule 10.1 of the Local Rules of Practice for this Court requires that all papers filed in cases in this Court be double-spaced and legible. **See** D.C.COLO.LCivR 10.1E. and G. The amended complaint Mr. Zimmerman has filed is difficult to read because it is single-spaced and written in all capital letters. The second amended complaint Mr. Zimmerman will be directed to file, if handwritten, shall be double-spaced and written legibly, in capital and lower-case letters.

Mr. Zimmerman's amended complaint also fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. **See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas**, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. **See TV Communications Network, Inc. v. ESPN, Inc.**, 767 F. Supp. 1062, 1069 (D. Colo. 1991), **aff'd**, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading

rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. In order for Mr. Zimmerman to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Zimmerman fails to set forth a short and plain statement of his claims showing that he is entitled to relief. The amended complaint is verbose and repetitive. Mr. Zimmerman sets forth an extended and unnecessary discussion of often insignificant details and legal argument in support of his claims rather than providing "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). As a result, the Court finds that the amended complaint is unnecessarily wordy. For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

Mr. Zimmerman will be directed to file a second amended complaint that complies with the pleading requirements of Rule 8. Mr. Zimmerman is reminded that it is his responsibility to assert the jurisdictional basis for all of his claims and to present his claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims.

In the second amended complaint he will be directed to file, Mr. Zimmerman must assert personal participation by each named defendant. *See Bennett v. Passic*,

545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Zimmerman must name and show how the named defendants caused a deprivation of his federal rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Zimmerman may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Zimmerman uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

Mr. Zimmerman, therefore, will be directed to file a second amended complaint that is filed on the Court-approved complaint form and legible to read, and that alleges the basis for the Court's jurisdiction, the asserted claims clearly and concisely, what rights were violated, and specific facts demonstrating how each named defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Plaintiff, Rodney Ray Zimmerman, file **within thirty days from the date of this order** a second amended complaint that complies with the directives of this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Zimmerman, together with a copy of this order, two copies of the Court-approved Prisoner Complaint form to be used in submitting the second amended complaint. It is

FURTHER ORDERED that the second amended complaint shall be titled "Second Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that if Mr. Zimmerman fails to file a second amended complaint as directed within the time allowed, the amended complaint and the action will be dismissed without further notice. It is

FURTHER ORDERED that the motion to amend filed on April 12, 2010, is denied as unnecessary. It is

FURTHER ORDERED that the motion for appointment of counsel filed on April 19, 2010, is denied as premature.

DATED at Denver, Colorado, this  11th  day of _____May_____, 2010.

BY THE COURT:


*s/Craig B. Shaffer*
CRAIG B. SHAFFER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00794-BNB

Rodney Zimmerman
Prisoner No. 135354
Colorado State Penitentiary
P.O. Box 777
Cañon City, CO 81215-0777

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 5/11/10

GREGORY C. LANGHAM, CLERK

By _____
                 Deputy Clerk