IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00794-BNB

RODNEY RAY ZIMMERMAN,

Plaintiff,

v.

SUSAN JONES, Warden, C.S.P.,
MIKE BURGONDO, H.S.A., C.S.P.,
DR. WRIGHT, M.D., C.S.P.,
KATIE BAXTER, Acting A.I.C.,
MEGHAN REED, Designee A.I.C.,
NURSE FURGUSON, C.S.P. Intake on 3-16-10,
UNKNOWN PROPERTY SGT.,C.S.P. Intake on 3-16-10,
SGT. THOMAS, C.S.P. 3RD SHIFT 3-19-10,
LT. MARTZ, C.S.P. E-POD Supervisor,
CHARLEEN CROCKETT, Food Srvcs. Mngr., and
CATHIE HOLST, A.I.C., Colo. Sprgs.,

Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 24 2010

GREGORY C. LANGHAM
CLERK

ORDER DENYING PRELIMINARY INJUNCTION

This matter is before the Court on the motion for preliminary injunction that Plaintiff, Rodney Ray Zimmerman, filed *pro se* with the Court on April 19, 2010. Mr. Zimmerman, who is a prisoner in the custody of the Colorado Department of Corrections and currently incarcerated at the Colorado State Penitentiary, complains about his medical treatment and asks to be evaluated by specialists. He alleges that he injured his back in May 2008 when he fell out of a top prison bunk while under medical restrictions, and speculates that he is in danger of paralysis. In the amended complaint he filed *pro se*, he also asserts claims concerning his medical condition and treatment.

The Court must construe the motion liberally because Mr. Zimmerman is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the motion will be denied.

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury unless the injunction issues, that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party, and that the injunction, if issued, would not be adverse to the public interest. *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). A preliminary injunction is an extraordinary remedy and "the primary goal of a preliminary injunction is to preserve the pre-trial status quo." *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009). Therefore, "courts should be especially cautious when granting an injunction that requires the nonmoving party to take affirmative action - a mandatory preliminary injunction - before a trial on the merits occurs." *Id.* Because Mr. Zimmerman is seeking a mandatory preliminary injunction that seeks to alter the status quo, he must make a heightened showing of the four factors listed above. *See id.* at 1209.

Mr. Zimmerman does not demonstrate a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury if no preliminary injunction is issued, that his threatened injuries outweigh whatever damage the proposed injunction may cause the opposing party, or that a preliminary injunction would not be adverse to the public

interest. Therefore, the motion for a preliminary injunction will be denied. Accordingly, it is

ORDERED that the motion for preliminary injunction that Plaintiff, Rodney Ray Zimmerman, filed with the Court on April 19, 2010, is denied.

DATED at Denver, Colorado, this __24th__ day of __May__, 2010.

BY THE COURT:

*(signature)*

CHRISTINE A. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00794-BNB

Rodney Zimmerman
Prisoner No. 135354
Colorado State Penitentiary
P.O. Box 777
Cañon City, CO 81215-0777

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 5/24/10

GREGORY C. LANGHAM, CLERK

By: _____
    Deputy Clerk