IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-00794-WYD-BNB

RODNEY RAY ZIMMERMAN,

Plaintiff,

v.

SUSAN JONES,
MIKE BORGONDO,
MR. WRIGHT,
CATHIE HOLST,
MR. MARTZ,
MRS. MCCORMICK,
CHARLEEN CROCKETT,
JOHN DOE PROPERTY SGT. OF 3-16-10, and
MR. PADILLA,

Defendants.

_____

**ORDER**
_____

This matter arises from the following papers (the "Papers") filed by the plaintiff:

1. A letter addressed to "Sir" filed on September 30, 2010 [Doc. #44];

2. A "Declaration" filed on October 4, 2010 [Doc. #45];

3. An "Added Complaint" filed October 5, 2010 [Doc. #46]; and

4. A "Declaration" filed October 5, 2010 [Doc. #47].

For the following reasons, the Papers are STRICKEN.

**The Letter**

In his letter addressed to "Sir," the plaintiff requests clarification of an order issued by the district judge. A request to the court cannot be made by letter; it must be made by motion.

Fed. R. Civ. P. 7(b)(1). Motions (and all other papers filed in this court) must contain the caption of this case. Once the defendants have appeared, copies of motions and other papers filed in this Court must be served on counsel for all other parties (or directly on any party acting *pro se*) in compliance with Fed. R. Civ. P. 5. Rule 5 provides that all pleadings filed after the original complaint and all written motions, notices, demands, or any similar paper must be served on every party. Fed. R. Civ. P. 5(a). "If a party is represented by an attorney, service under this rule must be made on the attorney . . . ." Fed. R. Civ. P. 5(b).

Service upon other parties may be by mail. Id. Proof that service has been made is provided by a certificate of service. Id. at 5(d). This certificate should be filed along with the original papers and should show the day and manner of service. Id.

## The Declarations

The plaintiff has filed two Declarations which appear to be identical. In his Declarations, the plaintiff makes several statements and submits several exhibits regarding medical issues and the filing of grievances. The Declarations are not submitted in support of any pending motions. Indeed, at this early stage of the litigation (the defendants have been served but have not yet answered or otherwise responded to the Second Amended Complaint), there are no pending motions which require evidentiary support. The plaintiff may not simply file evidence with the court, and he may not file redundant papers.

## The "Added Complaint"

The plaintiff filed his initial Complaint on April 7, 2010 [Doc. #3]. He filed a motion to amend the complaint on April 12, 2010 [Doc. #5]. He filed an Amended Complaint as a matter of course on April 19, 2010 [Doc. #10]. On May 11, 2010, the court directed the plaintiff to file

a Second Amended Complaint to cure numerous deficiencies in the Amended Complaint. After being granted several extensions of time, the plaintiff filed a Second Amended Complaint on September 13, 2010 [Doc. #38]. In his "Added Complaint," the plaintiff attempts to add allegations to his Second Amended Complaint.

Rule 15, Fed. R. Civ. P., provides that a complaint may be amended once as a matter of course within 21 days after serving it, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Id. at 15(a)(2).

The plaintiff has already amended his Complaint once as a matter of course. Therefore, he must either obtain the defendants' written consent or the court's leave to amend his Second Amended Complaint. Moreover, the plaintiff may not amend his Second Amended Complaint by simply filing piecemeal amendments and supplements. Rather, he must file the entire proposed third amended complaint. The plaintiff may not incorporate by reference his original Complaint, his Amended Complaint, or his Second Amended Complaint into the proposed third amended complaint. The proposed third amended complaint must stand alone; it must contain all of the plaintiff's claims. Mink v. Suthers, 482 F.3d 1244, 1254 (10th Cir. 2007) (stating that "an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

This action already contains 47 docket entries, and the defendants have not yet answered or otherwise responded to the Complaint. Many of the docket entries are unnecessary, frivolous,

and/or inappropriate papers filed by the plaintiff. Accordingly,

IT IS ORDERED that

(1) Documents 44, 45, 46, and 47 are STRICKEN;

(2) In the future, any request to the court must be submitted in the form of a motion; and

(3) The plaintiff shall cease filing with the court evidence unrelated to any pending matter, redundant papers, and unnecessary, frivolous, and/or inappropriate papers.

Dated October 7, 2010.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge