IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-00794-WYD-BNB

RODNEY RAY ZIMMERMAN,

Plaintiff,

v.

SUSAN JONES,
MIKE BORGONDO,
MR. WRIGHT,
CATHIE HOLST,
MR. MARTZ,
MRS. MCCORMICK,
CHARLEEN CROCKETT,
JOHN DOE PROPERTY SGT. OF 3-16-10, and
MR. PADILLA,

Defendants.
_____

**ORDER**
_____

This matter arises on the plaintiff's **Motion to Amend Complaint** [Doc. #99, filed 05/09/2011] ( the "Motion").  The Motion is DENIED WITHOUT PREJUDICE.

The plaintiff seeks leave to file a second amended complaint.  He does not attach to the Motion a proposed second amended complaint, nor does he describe the proposed amendments.

Rule 15, Fed.R.Civ.P., provides that a complaint may be amended once as a matter of course within 21 days after serving it or, "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed.R.Civ.P. 15(a)(1).  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.

The court should freely give leave when justice so requires." Id. at 15(a)(2).

The plaintiff does not meet the deadlines of Rule 15(a)(1), and he does not state that the defendant consents to the Motion  Therefore, the plaintiff may amend only with the court's leave.  Because the plaintiff does not describe the proposed amendments with any detail and does not attach a proposed second amended complaint to his Motion, it is not possible to determine if the proposed amendments are permissible.

When seeking leave of the court to amend a complaint, the motion to amend must detail the proposed amendments and the reasons why such amendments are necessary.  In addition, the plaintiff must attach the proposed amended complaint to the motion.  The proposed amended complaint shall be submitted on the court's form and shall be entitled Second Amended Complaint.  D.C.COLO.LCivR 8.1A (stating that "[a] pro se party shall use the forms established by this court to file an action").

In addition, the Federal Rules of Civil Procedure require that a complaint "shall contain (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a).  "[T]he only permissible pleading is a short and plain statement of the claim showing that the pleader is entitled to relief on any legally sustainable grounds."  Blazer v. Black, 196 F.2d 139, 144 (10th Cir. 1952).  "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her, and what specific legal right the plaintiff believes the defendant violated."  Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1163 (10th Cir. 2007).  The requirements of Rule 8(a) guarantee "that defendants enjoy fair

notice of what the claims against them are and the grounds upon which they rest." TV Communications Network, Inc. v. ESPN, Inc., 767 F. Supp. 1062, 1069 (D. Colo. 1991), aff'd, 964 F.2d 1022 (10th Cir. 1992). The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.

The plaintiff's Amended Complaint [Doc. #38] is not a model of clarity. Therefore, any proposed amended complaint must comply with this order. Each claim shall be stated separately. Each claim shall state which defendants the claim is brought against and shall briefly allege facts sufficient to state a claim for relief against those defendants. Each claim shall not exceed three typewritten pages, double-spaced or six handwritten pages, single-spaced.

Finally, the plaintiff may not incorporate by reference his original Complaint or his Amended Complaint into the proposed second amended complaint. The proposed second amended complaint must stand alone; it must contain all of the plaintiff's claims. Mink v. Suthers, 482 F.3d 1244, 1254 (10th Cir. 2007) (stating that "an amended complaint supercedes an original complaint and renders the original complaint without legal effect") (internal quotations and citations omitted).

IT IS ORDERED that the Motion is DENIED WITHOUT PREJUDICE. Any future attempts to amend the Amended Complaint shall comply with the Federal Rules of Civil Procedure, the local rules of this court, and this order.

Dated May 17, 2011.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge