IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-00794-WYD-BNB

RODNEY RAY ZIMMERMAN,

Plaintiff,

v.

SUSAN JONES,
MIKE BORGONDO,
MR. WRIGHT,
CATHIE HOLST,
MR. MARTZ,
MRS. MCCORMICK,
CHARLEEN CROCKETT,
JOHN DOE PROPERTY SGT. OF 3-16-10, and
MR. PADILLA,

Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on the **State Defendants' Motion to Dismiss** [Doc. #55, filed 11/29/2010] (the "Motion").[1]  I respectfully RECOMMEND that the Motion be GRANTED.

## I. STANDARD OF REVIEW

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

---

[1] I ordered that plaintiff to file a response to the Motion on or before December 29, 2010 [Doc. #57].  The plaintiff did not respond, nor did he seek an extension of time to respond.

The standard of review for a motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) is described as follows:

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.
>
> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.
>
> However, a court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case. The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case.

Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995) (citations omitted).

In ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the court must accept the plaintiff's well-pleaded allegations as true and must construe all reasonable inferences in favor of the plaintiff. City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). The complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief. Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007). "The issue is not whether a plaintiff will

ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

## II. BACKGROUND

The plaintiff is incarcerated by the Colorado Department of Corrections ("DOC") at the Colorado State Penitentiary ("CSP"). He filed his Second Amended Prisoner Complaint on September 13, 2010 [Doc. #38] (the "Complaint"). The Complaint contains the following allegations:

1. The plaintiff arrived at CSP on March 16, 2010. He is 45 years old and has a mobility disability. *Complaint*, p. 3.[2]

2. Upon his arrival, the plaintiff's Jewish Talmud and Jewish calendar were confiscated and thrown away. The plaintiff's Jewish calendar was replaced with a Christian calendar, and his Jewish Talmud was replaced with a Christian Bible request. Id. at pp. 3-5.

3. The plaintiff's "doctor ordered" back brace, orthopedic shoes, walker, adult diapers, and knee wraps were confiscated. Id. at pp. 3-4.

4. He received inadequate medical care. Id. at p. 3.

The Complaint asserts nine claims. Claim One allege that Warden Susan Jones ignored his letters regarding numerous alleged constitutional violations by others. Id. at pp. 6-9.

Claim Two alleges that defendant Mike Borgondo, as the Health Services Administrator, is responsible for the denial of the plaintiff's doctor-ordered medical devices. In addition,

---

[2] I refer to the page numbers of the Complaint as they are assigned by the court's docketing system.

Borgondo confiscated the plaintiff's wheelchair in response to the plaintiff's complaints. Id. at p. 10.

Claim Three is brought against Dr. Wright for failing to perform a mandated physical exam when plaintiff arrived at CSP; discontinuing all of the plaintiff's medications in retaliation for filing a grievance about receiving the wrong medications; purposely and maliciously grabbing and pulling on the plaintiff's leg during an examination; denying his subsequent requests for emergency medical attention; denying an ADA examination; refusing to answer kites and grievances; threatening to place the plaintiff in segregation if he requests further medical attention; and abandoning the plaintiff to suffer debilitating injury. Id. at pp. 11-13.

Claim Four is brought against Cathie Holst, the ADA inmate coordinator. Ms. Holst is responsible for ensuring that inmates are not discriminated against and that they are issued appropriate accommodations. The plaintiff claims he incurred severe injury when he was not afforded appropriate cuffing accommodations during transport to CSP on March 16, 2010. He further alleges that Holst has denied his medical appliances and that "due to AIC breaking ADA Act, DOC ARs, Montez remedial plan, I am falling, can't use recreation, in sever pain, living in a unsanitary cell which has not ben cleaned since 3-16-10 causing respratory problems, urinating on myself, and now I have been informed by defendant Cathie Holst that she will no longer answer my communications."[3] Id. at pp. 14-16.

Claim Five alleges that defendant Martz, the E-Pod supervisor, failed to provide the plaintiff with appropriate modified devices so that he could clean his cell, resulting in a

---

[3] I have quoted the plaintiff's Complaint as written, without correction or acknowledgment of error.

collection of dust that causes the plaintiff chest pain and "coughing up blood & mucus." His grievances are unanswered. Martz also confiscated the plaintiff's wheelchair on April 7, 2010, causing the plaintiff to fall on dozens of occasions, exacerbate his spine condition, and injure his left knee. He is being ignored by the medical department. After many kites, letters, and grievances, Martz told him "we don't play that shit here Zimmerman." The plaintiff has a plumbing problem in his cell, and Martz replied to his grievance by stating "maintenance has rectified the situation, please be patient." Id. at pp. 17-19.

Claim Six is asserted against Mrs. McCormick, the religious coordinator at CSP. McCormick did not respond to the plaintiff's letters about sub-par kosher meals and requests for Jewish supplies. Id. at p. 20.

Claim Seven alleges that Charleen Crockett, the Food Services Manager, ignored his letters, grievances, and kites regarding kosher meal violations and religious supplies. Id. at pp. 4, 21.

Claim Eight alleges that upon his arrival at CSP, an unknown property officer disposed of the plaintiff's Jewish Talmud, calendar, menorah, and other personal property. Id. at pp. 22-23.

Claim Nine alleges that Mr. Padilla, a CSP employee, violated his access to the courts. Specifically, the plaintiff alleges that he has filed numerous kites, letters, and grievances in an attempt to comply with a court order to file a complaint in Civil Action No. 10-cv-00319-ZLW, but Mr. Padilla refused to log his legal mail. The case was dismissed due to the plaintiff's non-compliance with the court order. Id. at p. 24.

The plaintiff is suing all defendants in their "personal and professional" capacities. Id. at p. 1. His claims are brought under the Americans with Disabilities Act ("ADA"); the Religious

Land Use and Institutionalized Persons Act ("RLUIPA"); Colorado Revised Statutes; and various amendments to the United States Constitution. The plaintiff seeks "damages" and a "preliminary injunction for medical exam." Id. at p. 26. The defendants seek partial dismissal of the Complaint.

### III.   ANALYSIS

#### A.   Eleventh Amendment Immunity

The defendants assert that the court lacks subject matter jurisdiction over all claims for damages brought against them in their official capacities because those claims are barred by the Eleventh Amendment. *Motion*, p. 3. This is a facial challenge to the Complaint's allegations. Therefore, I accept the allegations of the Complaint as true. Holt, 46 F.3d at 1003.

The Eleventh Amendment bars suits in federal courts against unconsenting states by the state's own citizens and by citizens of another state. Port Auth. Trans-Hudson Corp. v. Feeney, 495 U.S. 299, 304 (1990). Eleventh Amendment immunity "constitutes a bar to the exercise of federal subject matter jurisdiction." Fent v. Okla. Water Res. Bd., 235 F.3d 553, 559 (10th Cir. 2000) (emphasis omitted). Eleventh Amendment immunity applies to suits arising under 42 U.S.C. § 1983. Quern v. Jordan, 440 U.S. 332, 345 (1979).

The Eleventh Amendment precludes federal jurisdiction over state officials acting in their official capacities as to retroactive monetary relief, but not as to prospective injunctive relief. Pennhurst, 465 U.S. at 102-03,105-06. The defendants are employed by the DOC. *Complaint*, pp. 2-4. The DOC is an agency or subdivision of the State of Colorado. Consequently, the Eleventh Amendment bars suit against the defendants in their official capacities for retroactive monetary relief. The Motion should be granted insofar as it seeks dismissal of the plaintiff's

constitutional claims against the defendants in their official capacities for retroactive monetary relief.

The defendants do not specifically address whether the Eleventh Amendment bars the plaintiff's ADA and RLUIPA claims, and I decline to decide the issue *sua sponte*. Therefore, my recommendation regarding Eleventh Amendment immunity applies only to the plaintiff's constitutional claims. However, because I find that the plaintiff has failed to state a claim for relief under his two RUILPA claims, the issue is moot as to the RUILPA claim.

### B.  Qualified Immunity

Defendants Jones, Borgondo, McCormick, Crockett, and Padilla assert that they are entitled to qualified immunity. Qualified immunity shields government officials sued in their individual capacities from liability for civil damages provided that their conduct when committed did not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In order for a right to be "clearly established" for purposes of assessing entitlement to qualified immunity, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987).

When analyzing the issue of qualified immunity, I consider two factors. I must determine whether the plaintiff has sufficiently alleged a violation of a statutory or constitutional right. In addition, I must inquire whether the right was clearly established at the time of the

violation. Wilson v. Layne, 526 U.S. 603, 609 (1999); Butler v. City of Prairie Village, Kansas, 172 F.3d 736, 745 (10th Cir. 1999).[4]

### 1. Claims One, Two, Six, and Seven

The defendants assert that all of the claims against Jones, Crockett, and McCormick, and some of the claims against Borgondo, must be dismissed because the plaintiff has failed to sufficiently allege personal participation. An individual cannot be held liable in a section 1983 action unless he caused or participated in an alleged constitutional violation. McKee v. Heggy, 703 F.2d 479, 483 (10th Cir. 1983). Respondeat superior is not within the purview of section 1983 liability. Id. In order for a supervisor to be liable under section 1983, there must exist a causal connection or an affirmative link "between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise." Butler v. City of Norman, 992 F.2d 1053, 1055 (10thCir. 1993); see also Rizzo v. Goode, 423 U.S. 362, 371 (1976). Without a showing of direct responsibility for the alleged violations, liability will not be imposed on a supervisory official. Id.

In Claim One, the plaintiff states that in seven separate letters, he made Warden Jones aware of 20 alleged constitutional violations by others and his requested remedies. *Complaint*, p. 6. The plaintiff further states that his letters "went unanswered" and were "unattended to by medical personel." Id. at p. 9. The alleged constitutional violations involve confiscation of his religious materials and medical devices upon arrival at CSP; inability to clean his cell due to medical restrictions; denial of proper medical care and medications; problems with kosher meals;

---

[4]The order in which I may consider these factors is discretionary. Pearson v. Callahan, 555 U.S. 223, __, 129 S. Ct. 808, 818 (2009); Manzanares v. Higdon, 2009 WL 2430643 *3 n.6 (10th Cir. Aug. 10, 2009).

and refusal of staff to mail legal materials. Id. at pp. 6-9. The plaintiff alleges that Jones violated his equal protection, First Amendment, Eighth Amendment, and Fourteenth Amendment rights. Id. at p. 6.

Claim Two alleges in part that Borgondo is the Health Services Administrator at CSP, and he is therefore responsible for the confiscation of the plaintiff's medical devices by unnamed CSP employees. *Complaint*, p. 10.[5] The plaintiff alleges that Borgondo violated his Eighth and Fourteenth Amendment rights. Id.

In Claim Six, the plaintiff states that McCormick is responsible for numerous religious-related "situations" because she is the Religious Coordinator at CSP. *Complaint*, p. 20. Specifically, he states that he "sent letters" and submitted grievances concerning "subpar" kosher meals and requests for Jewish supplies, but received no response. Id. He does not state to whom the letters and grievances were sent. He further states that he sent letters to McCormick about kosher meals on March 22 and March 28 and a kite to McCormick on July 12, 2010, for the address of the DOC's rabbi, but did not receive responses. Id. He claims that McCormick violated his First Amendment right to the free exercise of religion, the Establishment Clause, and RUILPA.

In Claim Seven, the plaintiff states that he wrote letters to unnamed individuals complaining of "kosher meal violations" and requesting religious supplies. *Complaint*, p. 21. He further states that he submitted grievances citing "kosher violations." Id. He alleges that "[a]ll these letters, grievances, kites were ignored, showing deliberate indifference." Id. He

---

[5]Claim Two also alleges that Borgondo confiscated the plaintiff's wheelchair in retaliation for complaining to Borgondo about problems with the medical department. The defendants do not seek dismissal of this claim for lack of personal participation.

asserts that "kosher violations" still occur, and that "Charleen Crockett as manager bears the responsibility." Id. The plaintiff alleges that Crockett violated "Amendments 1-8-14, Establishment Clause, Free Exercise Clause, RLUIPA." Id.

The Complaint's allegations do not support a reasonable inference that any of these defendants were directly responsible for the alleged constitutional violations or that they were in any way involved in them. Rather, the plaintiff provides only conclusory allegations that the defendants are liable for his injuries because they were in positions of authority; they were notified of the plaintiffs' complaints; and they did not correct the situations. These allegations are not sufficient to impose liability against the defendants. See e.g. Davis v. Arkansas Valley Correctional Facility, 99 Fed.Appx. 838, 843 (10th Cir. May 20, 2004) (holding that sending correspondence to an official which outlines complaints about medical care, without more, does not sufficiently implicate the official under section 1983).

The defendants do not address the plaintiff's RLUIPA claims against McCormick and Crockett. However, it is clear from the sparse allegations of the Complaint that the plaintiff has failed to state a claim under RLUIPA.

RLUIPA provides that "[n]o government[6] shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability" unless the government demonstrates that the burden is "in furtherance of a compelling governmental interest" and is "the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a). In order to proceed

---

[6]The term "government" includes any official of a "State, county, municipality, or other governmental entity created under the authority of a State" and any other person "acting under color of State law." 42 U.S.C. § 2000cc-5(4)(A).

under a RLUIPA claim, a plaintiff must demonstrate that "he wishes to engage in (1) a religious exercise (2) motivated by a sincerely held belief, which exercise (3) is subject to a substantial burden imposed by the government." Abdulhaseeb v. Calbone, 600 F.3d 1301, 1312 (10th Cir. 2010).

A complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief. Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007). "The burden is on the plaintiff to frame a complaint with enough factual matter (taken as true) to suggest that he or she is entitled to relief." Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008) (internal quotations and citation omitted). This is especially true in cases, like this one, where the defense of qualified immunity has been asserted. Id. at 1248-49.

The Tenth Circuit has stated:

> [P]lausibility . . . refer[s] to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible. The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.
>
> This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests. See Airborne Beepers & Video, Inc. v. AT & T Mobility L.L.C., 499 F.3d 663, 667 (7th Cir.2007) ("[A]t some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8."). The Twombly Court was particularly critical of complaints that mentioned no specific time, place, or person involved in the alleged conspiracies. Given such a

>     complaint, a defendant seeking to respond to plaintiffs' conclusory
>     allegations ... would have little idea where to begin.

Id. at 1247 (internal quotations and citations omitted except as noted).

To state a claim in federal court, a complaint must explain what each defendant did to the plaintiff; when the defendant did it; how the defendant's action harmed the plaintiff; and what specific legal right the plaintiff believes the defendant violated. Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1163 (10th Cir. 2007).

Here, the Complaint is devoid of factual detail. The plaintiff's sparse allegations regarding his claims are wholly conclusory, and he does not provide any factual allegations to show that either McCormick or Crockett substantially burdened his religious exercise.

The Motion should be granted insofar as it seeks dismissal of Claims One, Six, and Seven in their entirety, and Claim Two to the extent it alleges that defendant Borgondo is responsible for the confiscation of the plaintiff's medical devices by unnamed CSP employees. In addition, defendants Jones, Borgondo, McCormick, and Crockett are entitled to qualified immunity as to these claims. Howards v. McLaughlin, 634 F.3d 1131, 1143 (10th Cir. 2011) (defendants are entitled to qualified immunity where plaintiff cannot satisfy first prong of qualified immunity analysis).

### 2. Claim Nine

Claim Nine alleges that Mr. Padilla, a CSP employee, violated the plaintiff's access to the courts. Specifically, the plaintiff alleges that he had an "outstanding 1983 lawsuit case # 10-cv-00319-ZLW, which had a statutory deadline of 3-19-10." *Complaint*, p. 24. The plaintiff alleges that he attempted "to get suit filed on Friday 3-19-10" but "Sgt Padilla gave lawsuit back to plaintiff and explained 'we don't log legal mail on Fridays due to CSP policy.'" Id. The

plaintiff alleges that Mr. Padilla's refusal to log his legal mail caused his case to be dismissed due to non-compliance with a court order.  Id.

The defendants argue that Claim Nine must be dismissed because defendant Padilla did not violate the plaintiff's constitutional rights.  *Motion*, pp. 13-15.  The defendants rely on the record in Civil Action No. 10-cv-00319-ZLW to support their argument.

"[F]acts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment.  This allows the court to take judicial notice of its own files and records, as well as facts which are a matter of public record.  However, the documents may only be considered to show their contents, not to prove the truth of matters asserted therein."  Tal v. Hogan, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006) (internal quotations and citations omitted).

The record in Civil Action No. 10-cv-00319-ZLW shows that on February 10, 2010, the plaintiff filed a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 [Doc. #1]; on February 16, 2010, the court directed the plaintiff to file a complaint on or before March 18, 2010 [Doc. #2]; on March 17, 2010, the plaintiff filed a motion for extension of time [Doc. #4]; and on March 18, 2010, the court granted the plaintiff until April 17, 2010, to file his complaint [Doc. #5].  The case was dismissed without prejudice [Doc. #10] on April 23, 2010, because the plaintiff failed to submit a complaint.

The plaintiff alleges that Padilla refused to log his legal mail on March 19, 2010, and that Padilla's refusal caused the dismissal of Civil Action No. 10-cv-00319-ZLW.  These allegations are contradicted by the record in Civil Action No. 10-cv-00319-ZLW, which show that the case was dismissed for the plaintiff's failure to file a complaint on or before April 17, 2010.  The

Motion should be granted insofar as it seeks dismissal of Claim Nine, and Defendant Padilla is entitled to qualified immunity.

## IV.  CONCLUSION

For all of these reasons, I respectfully RECOMMEND that the Motion be:

1.  GRANTED insofar as it seeks dismissal of the plaintiff's constitutional claims against the defendants in their official capacities for retroactive monetary relief;

2.  GRANTED insofar as it seeks dismissal of Claims One, Six, Seven, and Nine in their entirety;

3.  GRANTED to the extent it seeks dismissal of Claim Two's allegations that defendant Borgondo is responsible for the confiscation of the plaintiff's medical devices by unnamed CSP employees; and

4.  GRANTED to the extent it seeks qualified immunity for the defendants on these claims.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated May 26, 2011.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge