IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-00794-WYD-BNB

RODNEY RAY ZIMMERMAN,

Plaintiff,

v.

SUSAN JONES,
MIKE BORGONDO,
MR. WRIGHT,
CATHIE HOLST,
MR. MARTZ,
MRS. MCCORMICK,
CHARLEEN CROCKETT,
JOHN DOE PROPERTY SGT. OF 3-16-10, and
MR. PADILLA,

Defendants.
_____

**ORDER**
_____

This matter arises on the defendants' **Motion to Compel and for Sanctions** [Doc. #120, filed 07/28/2011] (the "Motion"). The Motion is GRANTED IN PART and DENIED IN PART.

The plaintiff is currently incarcerated by the Colorado Department of Corrections at the Colorado State Prison ("CSP") in Canon City, Colorado. On June 30, 2011, the defendants served a Notice of Deposition on the plaintiff. *Motion*, Ex. A. The deposition was to occur on July 26, 2011, at CSP.

Counsel for the defendants and a court reporter traveled to CSP for the deposition. At the time the deposition was to begin, CSP staff informed them that the plaintiff refused to attend the deposition unless staff provided him with a "donut" to sit on.[1]

Defendants' counsel spent over 13 hours traveling to and preparing for the deposition. The court reporter traveled from Colorado Springs and has charged the defendants $189.27 for the time. The defendants request an order compelling the plaintiff to appear at his next duly scheduled deposition; an extension of the discovery deadline and the dispositive motion deadline; and an order requiring the plaintiff to pay defendants costs of $189.27 and attorney's fees of $3,250.00.

The Federal Rules of Civil Procedure specifically provide for sanctions based on a party's failure to appear at a scheduled deposition. Fed. R. Civ. P. 37(d)(1)(A)(i). Sanctions may include dismissal of the action, and must include payment of reasonable expenses, including attorney's fees, caused by the failure "unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

The plaintiff does not deny that he was aware of the deposition almost a month before it occurred, and that he did not notify counsel or the court that he would be unable to sit for his deposition, or that he had any concern about being able to sit for the deposition. In addition, he was aware as early as May 18, 2011, that he did not have a satisfactory "donut" cushion. *Response*, p. 17. The plaintiff's conduct was willful and inexcusable. Therefore, the defendants are entitled to reasonable costs and attorney's fees.

---

[1]CSP staff had provided the plaintiff with a cushion to sit on while in his wheelchair, but the plaintiff was dissatisfied with it. *Answer to Defendants* [sic] *Motion to Compel* [sic], [Doc. #134], (the "Response"), pp. 5-6, 15-17.

I find that the defendants' requests for costs in the amount of $189.27 is reasonable. However, the defendants' request for attorney's fees is not supported by an affidavit as required by D.C.COLO.LCivR 54.3. Accordingly, the request is denied without prejudice subject to compliance with D.C.COLO.LCivR 54.3.

IT IS ORDERED that the Motion is GRANTED IN PART and DENIED IN PART as follows:

(1) The plaintiff shall appear for his next duly scheduled deposition. The plaintiff's failure to appear and give his deposition will result in my recommendation that this case be dismissed with prejudice;

(3) The discovery deadline is extended to October 1, 2011, for the sole purpose of allowing the defendants to conduct the plaintiff's deposition;

(4) The dispositive motion deadline is extended to November 1, 2011;

(5) The plaintiff is ordered to pay the defendants costs of $189.27; and

(6) The defendants' request for attorney's fees is DENIED WITHOUT PREJUDICE.

Dated August 26, 2011.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge