IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-00794-WYD-BNB

RODNEY RAY ZIMMERMAN,

Plaintiff,

v.

SUSAN JONES,
MIKE BORGONDO,
MR. WRIGHT,
CATHIE HOLST,
MR. MARTZ,
MRS. MCCORMICK,
CHARLEEN CROCKETT,
JOHN DOE PROPERTY SGT. OF 3-16-10, and
MR. PADILLA,

Defendants.
_____

**ORDER**
_____

This matter arises on the following motions:

(1) **Defendants' Motion for Protective Order** [Doc. #127, filed 08/09/2011] (the

"First Motion"), and

(2) **Defendants' Third Motion for Protective Order** [Doc. #135, filed 08//22/2011]

(the "Second Motion").

The motions are GRANTED.

The plaintiff is currently incarcerated by the Colorado Department of Corrections

("DOC").  The defendants state that on July 28, 2011, the plaintiff mailed a request for

production of documents to Tom Kolle, a DOC employee, *First Motion*, ¶¶ 3-4, and on August

15, 2011, the plaintiff mailed a discovery request to DOC employee Joann Shoemaker. *Second Motion*, ¶¶ 2-3. Mr. Kolle, Ms. Shoemaker, and the DOC are not defendants in this case.

The defendants correctly assert that the discovery requests are untimely because the discovery cut-off was August 1, 2011, and all written discovery was required to be served so that responses were due on or before the discovery cut-off. The defendants seek a protective order "striking or otherwise barring" the discovery requests.

Rule 26(c), Fed. R. Civ. P., upon which the defendants rely in support of their motions for protective orders, provides that "[a] party or any person **from whom discovery is sought** may move for a protective order. . . ." (Emphasis added.) Mr. Kolle and Ms. Shoemaker are not parties to this case, and counsel for defendants does not assert that she represents them. As I previously informed counsel, she does not have standing to bring a motion for protective order on behalf of non-parties that she does not represent [Doc. #126]. Nonetheless, the discovery requests were untimely, and I have not extended the discovery cut-off.[1]

IT IS ORDERED that Defendants' Motion for Protective Order [Doc. #127] and Defendants' Third Motion for Protective Order [Doc. #135] are GRANTED.

Dated September 2, 2011.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

---

[1] Discovery from non-parties must be sought through subpoenas, and Fed. R. Civ. P. 45(c)(1) empowers a court to protect non-parties from improper discovery.