IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-00794-WYD-BNB

RODNEY RAY ZIMMERMAN,

Plaintiff,

v.

SUSAN JONES,
MIKE BORGONDO,
MR. WRIGHT,
CATHIE HOLST,
MR. MARTZ,
MRS. MCCORMICK,
CHARLEEN CROCKETT,
JOHN DOE PROPERTY SGT. OF 3-16-10, and
MR. PADILLA,

Defendants.

_____

**ORDER**
_____

This matter arises on **Defendants' Second Motion for Protective Order** [Doc. #131, filed 08/17/2011] (the "Motion"). The Motion is GRANTED.

On June 21, 2011, I entered a Scheduling Order setting a Discovery Cut-Off of August 1, 2011 [Doc. #110]. I specifically directed that "[a]ll written discovery must be served so that responses are due on or before the discovery cut-off." Despite my order, the plaintiff served discovery requests directly on defendant Charleen Crockett on or about August 15, 2011 [Doc. 131-1 and 131-2]. The defendant requests a protective order relieving her of any obligation to

respond to the requests.[1]

Upon a showing of good cause and as justice may require "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," a court may, among other things, enter a protective order providing that discovery be forbidden. Fed. R. Civ. P. 26(c)(1).

The plaintiff's discovery requests are untimely.

IT IS ORDERED that the Motion is GRANTED. Ms. Crocket is not required to respond to the discovery requests.

Dated September 2, 2011.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

---

[1] The plaintiff did not seek an extension of the discovery deadline prior to serving his requests. In addition, his discovery request states "no reply to discovery request sent on 5-25-11 so I request again the following . . . ." Because the plaintiff did not file a motion to compel this information, I do not address the defendant's alleged failure to respond.