IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  10-cv-00794-WYD-BNB

RODNEY RAY ZIMMERMAN,

　　　　Plaintiff,

v.

SUSAN JONES,
MIKE BORGONDO,
MR. WRIGHT,
CATHIE HOLST,
MR. MARTZ,
MRS. MCCORMICK,
CHARLEEN CROCKETT,
JOHN DOE PROPERTY SGT. OF 3-16-10, and
MR. PADILLA,

　　　　Defendants.

_____

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

_____

THIS MATTER is before the Court on the State Defendants' Motion to Dismiss

[ECF No. 55], filed November 29, 2010.  The motion was referred to Magistrate Judge

Boyd N. Boland for a recommendation by Order of Reference dated November 29,

2010.  Magistrate Judge Boland issued a Recommendation on May 26, 2011. [ECF No.

104].  Magistrate Judge Boland recommends that the pending motion be granted. The

Recommendation is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1)(B),

Fed. R. Civ. P. 72(b).

Magistrate Judge Boland advised the parties that written objections were due

within fourteen (14) days after service of a copy of the Recommendation.

(Recommendation at 14.)  Despite this advisement, Plaintiff did not file objections until August 2, 2011 [ECF No. 123].  Because the objections were not timely, *de novo* review is waived.  *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Therefore, I am required to review the Recommendation to "satisfy [my]self that there is no clear error on the face of the record."[1]  *See* Fed. R. Civ. P. 72(b) Advisory Committee Notes.

Having reviewed the Recommendation, I am satisfied that there is no clear error on the face of the record.  I find that Magistrate Judge Boland's Recommendation is thorough, well reasoned, and sound.  I agree with Magistrate Judge Boland that the pending motion should be granted for the reasons stated in both the Recommendation and this Order.

It is further noted that the Defendants filed "State Defendants' Motion to Strike Plaintiff's Objections" [ECF No. 130], filed August 16, 2011.  Because I do not consider Plaintiff's objections, the State Defendants' Motion to Strike is moot.

Based on the foregoing, it is

ORDERED that the State Defendants' Motion to Strike Plaintiff's Objections [ECF No. 130], filed August 16, 2011 is **DENIED** as moot.  It is

FURTHER ORDERED that the Recommendation of United States Magistrate Judge Boland [ECF No. 104], filed May 26, 2011 is **AFFIRMED** and **ADOPTED**.

In accordance therewith, it is

---

[1]Note, this standard of review is something less than a "clearly erroneous or contrary to law" standard of review, fed. R. Civ. P. 72(a), which in turn is less than a *de novo* review, Fed. R. Civ. P. 72(b).

FURTHER ORDERED that the "State Defendants' Motion to Dismiss" [ECF No. 55], filed November 29, 2010 is:

1. GRANTED insofar as it seeks dismissal of the plaintiff's constitutional claims against the defendants in their official capacities for retroactive monetary relief;

2. GRANTED insofar as it seeks dismissal of Claims One, Six, Seven, and Nine in their entirety;

3. GRANTED to the extent it seeks dismissal of Claim Two's allegations that defendant Borgondo is responsible for the confiscation of the plaintiff's medical devices by unnamed CSP employees; and

4. GRANTED to the extent it seeks qualified immunity for the defendants on these claims.

Dated:  September 14, 2011

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge