IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-00794-WYD-BNB

RODNEY RAY ZIMMERMAN,

Plaintiff,

v.

MIKE BORGONDO,
MR. WRIGHT,
CATHIE HOLST,
MR. MARTZ,
JOHN DOE PROPERTY SGT. OF 3-16-10, and

Defendants.
_____

**ORDER**
_____

This matter arises on **Defendants' Fourth Motion for Protective Order** [Doc. #151, filed 09/10/2011] (the "Motion"). The Motion is GRANTED.

The plaintiff is currently incarcerated by the Colorado Department of Corrections ("DOC") and is proceeding *pro se*. Therefore, I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

On June 21, 2011, I entered a Scheduling Order setting a Discovery Cut-Off of August 1, 2011 [Doc. #110]. I specifically directed that "[a]ll written discovery must be served so that responses are due on or before the discovery cut-off."

Despite my order, the plaintiff served discovery requests directly on defendant Charleen

Crockett on or about August 15, 2011 [Doc. 131-1 and 131-2]; mailed a request for production of documents to Tom Kolle, a DOC employee, on July 28, 2011 [Doc. #127] at ¶¶ 3-4; and mailed a discovery request to DOC employee Joann Shoemaker on August 15, 2011. [Doc. #135] at ¶¶ 2-3. The plaintiff did not seek an extension of the discovery deadline prior to serving his requests.

On September 2, 2011, I entered protective orders [Docs. #143 and #144] barring the plaintiff's discovery requests as untimely. The defendants seek another protective order because on July 30, 2011, the plaintiff sent requests for production of documents to defendant Cathie Holst and non-parties Meghan Reed and Mrs. Russell. The discovery requests are untimely.

IT IS ORDERED:

1. Defendants' Fourth Motion for Protective Order [Doc. #151] is GRANTED;

2. Ms. Holst, Ms. Reed, and Mrs. Russell are relieved of any responsibility to respond to the discovery requests; and

3. The plaintiff shall cease propounding untimely and unauthorized discovery requests. Failure to do so may result in sanctions, including dismissal of this case with prejudice.

Dated September 19, 2011.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge