IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-00794-WYD-BNB

RODNEY RAY ZIMMERMAN,

Plaintiff,

v.

SUSAN JONES,
MIKE BORGONDO,
MR. WRIGHT,
CATHIE HOLST,
MR. MARTZ,
MRS. MCCORMICK,
CHARLEEN CROCKETT,
JOHN DOE PROPERTY SGT. OF 3-16-10, and
MR. PADILLA,

Defendants.

_____

**ORDER**
_____

This matter arises on the plaintiff's **Request for Answer to Motion** [Doc. #155, filed 09/19/2011] (the "Motion"). The Motion is DENIED.

The plaintiff complains that he "has recieved [sic] no reply to the main body" of his response [Doc. #134] to the defendants' motion to compel [Doc. #120]. On page seven of the response, the plaintiff requests that the court order the defendants to provide him with certain medical devices. I did not address these requests because "[a] motion shall not be included in a response or reply to the original motion. A motion shall be made in a separate paper." D.C.COLO.LCivR 7.1C. Accordingly, insofar as the plaintiff included requests for relief in his response, they are inappropriate.

The plaintiff states that he included with his response to the defendants' motion to compel a request that the court return the original medical documents attached to the response, and the court did not return the documents. The plaintiff did not request return of the original medical documents attached to the response.[1] I construe the current Motion as a request for the return of the documents, which is denied. All papers received by the court for filing are scanned into the court's CM/ECF system, and the originals are discarded. Because the court no longer possesses the originals, only copies are available. The court does not provide a free copy service. The plaintiff may request copies directly from the Clerk of the Court. All copies are 50 cents per sheet. If copies are requested, a notice of the cost of the copies will be issued it is determined. The copies will be sent on receipt of full payment. In the future, the plaintiff should refrain from attaching original medical documents to his filings and should retain copies of any documents he may need in the future.

The plaintiff also complains that the court did not review the documents in determining the defendant's motion to compel. He requests that "the court [] review those same documents in the matter of defendants 2nd motion for depo of plaintiff." *Motion*, p. 2. To the contrary, I not only reviewed the documents in determining the defendant's motion to compel, I referred to them in my order granting the defendants' motion to compel. *Order Dated August 26, 2011* [Doc. #138], p. 2, n. 1. The plaintiff's request that I review them again is denied.

---

[1]On the same date the plaintiff filed his response to the defendants' motion to compel, he filed a paper titled "Photo Copy of Enclosed Motion" [Doc. #133]. He requested that the Clerk of the Court "print & send copies of enclosed motion to A.G. Office & plaintiff." The Motion did not contain a request that the court return the original medical documents attached to the response. The Motion was denied [Doc. #137] because the court does not provide a free copy service.

IT IS ORDERED that the Motion [Doc. # 155] is DENIED.

Dated September 26, 2011.

                                  BY THE COURT:

                                  s/ Boyd N. Boland
                                  United States Magistrate Judge