IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-00794-WYD-BNB

RODNEY RAY ZIMMERMAN,

Plaintiff,

v.

MIKE BORGONDO,
MR. WRIGHT,
CATHIE HOLST,
MR. MARTZ, and
JOHN DOE PROPERTY SGT. OF 3-16-10,

Defendants.
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter arises on the defendants' **Motion to Dismiss with Prejudice Pursuant to Fed.R.Civ.P. 41(b)** [Doc. #160, filed 09/21/2011] (the "Motion to Dismiss").[1] I respectfully RECOMMEND that the Motion be GRANTED.

The plaintiff is currently incarcerated by the Colorado Department of Corrections ("DOC") at the Colorado State Prison ("CSP") in Canon City, Colorado. On June 30, 2011, the defendants served a Notice of Deposition on the plaintiff. *Motion to Compel and for Sanctions* [Doc. #120], Ex. A. The deposition was to occur on July 26, 2011, at CSP.

---

[1] The plaintiff was ordered to respond to the Motion on or before August 18, 2011 [Doc. #122], but he did not.

Counsel for the defendants and a court reporter traveled to CSP for the deposition. At the time the deposition was to begin, CSP staff informed them that the plaintiff refused to attend the deposition unless staff provided him with a "donut" to sit on.[2]

Defendants' counsel spent over 13 hours traveling to and preparing for the deposition. The court reporter traveled from Colorado Springs and charged the defendants $189.27 for the time. The plaintiff did not deny that he was made aware of the deposition nearly one month before it occurred. Nor did he deny that he did not notify counsel or the court that he would be unable to sit for his deposition or that he had any concern about being able to sit for the deposition. In addition, he was aware as early as May 18, 2011, that he did not have a satisfactory "donut" cushion. *Answer to Defendants* [sic] *Motion to Compel* [sic], [Doc. #134], (the "Response"), p. 17.

As a result of the plaintiff's failure to appear for his deposition, the defendants filed a motion seeking an order compelling the plaintiff to appear at his next duly scheduled deposition; requiring the plaintiff to pay defendants costs of $189.27 and attorney's fees of $3,250.00; and extending the discovery and dispositive motion deadlines. I found that the plaintiff's conduct was willful and inexcusable, and that the defendants were entitled to reasonable costs and attorney's fees. I ordered the plaintiff to appear for his next duly scheduled deposition, and I warned him that his failure to appear and give his deposition would result in my recommendation that this case be dismissed with prejudice. *Order Issued August 8, 2011* [Doc. #138].

---

[2]CSP staff had provided the plaintiff with a cushion to sit on while in his wheelchair, but the plaintiff was dissatisfied with it. *Answer to Defendants* [sic] *Motion to Compell* [sic], [Doc. #134], (the "Response"), pp. 5-6, 15-17.

On September 6, 2011, the defendants served a second Notice of Deposition on the plaintiff. The deposition was set for September 19, 2011, at CSP. *Motion to Dismiss*, Ex. A. Counsel for the defendants and a court reporter from Colorado Springs were present at CSP for the deposition. At the time the deposition was to begin, DOC staff informed defendants' counsel that the plaintiff refused to attend the deposition or be transported to the room where the deposition was to occur. DOC staff stated that when they arrived at the plaintiff's cell to transport him to the deposition, he offered "a few choice words" and refused to leave his cell. He did not offer an excuse for his decision not to attend the deposition.

In addition to not complying with my order to appear for his deposition, the plaintiff has failed on several occasions to comply with the Scheduling Order [Doc. #110, entered June 21, 2011]. The Scheduling Order set the Discovery Cut-Off date for August 1, 2011. I specifically directed that "[a]ll written discovery must be served so that responses are due on or before the discovery cut-off." Despite my order, the plaintiff served discovery requests directly on former defendant Charleen Crockett on or about August 15, 2011 [Doc. ## 131-1 and 131-2]; mailed a request for production of documents to Tom Kolle, a DOC employee on July 28, 2011 [Doc. #127, ¶¶ 3-4]; mailed a discovery request to DOC employee Joann Shoemaker on August 15, 2011 [Doc. #135, ¶¶ 2-3]; and sent requests for production of documents to defendant Cathie Holst and non-parties Meghan Reed and Mrs. Russell on July 30, 2011 [Doc. #151]. The plaintiff did not seek an extension of the discovery deadline prior to serving his requests. On motions from the defendants, I entered protective orders that the plaintiff's delinquent discovery not be had [Doc. ##143, 144, and 156].

The defendants seek dismissal of the plaintiff's complaint with prejudice pursuant to Fed.R.Civ.P. 41(b). Rule 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

The plaintiff has failed to comply with my order to appear for his deposition, and he has failed to comply with the Scheduling Order. Therefore, dismissal of the action with prejudice pursuant to Rule 41(b) may be an appropriate sanction. Before recommending dismissal with prejudice, however, I must evaluate the following factors:

> (1) the degree of actual prejudice to the [other party]; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction.

Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992) (internal quotations and citations omitted). "[D]ismissal represents an extreme sanction appropriate only in cases of willful misconduct." Id. at 920.

Applying the Ehrenhaus factors, I find that the prejudice to the defendants is appreciable. Counsel for defendants arranged and prepared for the deposition; traveled twice from Denver to Canon City; paid a court reporter twice to travel from Colorado Springs to Canon City; and

incurred the expense of filing a motion to compel;[3] a motion to dismiss; and several motions for protective orders. In addition, because the plaintiff will not provide deposition testimony, the defendants are prejudiced in their ability to defend the claims asserted against them.

In addition, the plaintiff's misconduct has resulted in substantial interference with the judicial process. Instead of addressing the merits of this case, I have been required to consider the plaintiff's failures to comply with my orders.

The plaintiff is obviously culpable. He was made aware of the discovery deadlines at the Scheduling Conference, yet he failed to comply with the deadlines on several occasions. He refused to attend his first scheduled deposition, which I found to be willful and inexcusable. He refused to attend his second scheduled deposition--without offering any excuse--after I had ordered him to attend and had warned him that his "failure to appear and give his deposition will result in my recommendation that this case be dismissed with prejudice."[4]

A sanction less than dismissal with prejudice would not be effective. The plaintiff is proceeding *in forma pauperis* [Doc. #5], and a monetary sanction would be ineffective. In addition, I imposed monetary sanctions on the plaintiff for failure to attend his first scheduled deposition. The sanction did not deter him from failing to attend his second scheduled deposition. The plaintiff has also failed to comply with the Scheduling Order. His conduct

---

[3] Although I granted the defendants' motion for attorneys' fees and costs regarding the first deposition, the plaintiff is proceeding *in forma pauperis* and has had a negative inmate account balance since filing this case. [Doc. ## 16, 19, 24, 31, 37, 50, 52, 53, 54, 58, 66, 67, 70, 98, 108, 116, and 148.] His most recent inmate account statement reflects a negative balance of $688.82. Therefore, it is unlikely that the defendants will be reimbursed for their attorneys' fees and costs.

[4] In addition, I note that the plaintiff failed to respond to the defendants' Motion to Dismiss after being ordered to file a response.

demonstrates a lack of respect for the court and the judicial system. Dismissal with prejudice is the only effective sanction. Accordingly,

I respectfully RECOMMEND that the Motion [Doc. #160] be GRANTED and that this action be DISMISSED WITH PREJUDICE pursuant to Rule 41(b), Fed. R. Civ. P.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated November 2, 2011.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge